The Chief Justice delivered the opinion of the court.
On the 13th February, 1827, John M. Milnor died insolvent. On the 16th day of the same month, judgment against him, in favor of Mahlon Milnor, was entered up, on bond and warrant of attorney to confess judgment, as of the pre *118 ceding November term of this court. Letters of administration of the estate of the deceased were granted to his widow and Joseph Gillingham. Execution was issued upon the judgment, returnable to the last term; and now Bobert M’Neely, a creditor of the deceased, moves to set aside the judgment.
In support of the motion is cited the case of Wood v. Hopkins, decided in this court, in September term, 1810, and afterwards affirmed, on writ of error, in the Court of Appeals, Pen. 689. And that case ought to govern, and will rule us on the present occasion, unless a substantial diversity, sufficient to remove the present judgment beyond its operation, shall be found. We are therefore to examine the points of difference presented to our consideration by the plaintiff’s counsel.
In the first place, it is shewn, that the application in Wood v. Hopkins, was made by the adminstrators of the deceased, and is here made by a creditor.
It is manifest that this diversity can in no wise bear on the regularity of the judgment, or legality of entering it after the decease of the debtor. The validity of the judgment cannot vary with the person by whom the application *94] is made. If, however, *the creditor is not entitled to make the application, it is immaterial how irregular the judgment may be, he cannot prevail. And this presents the real topic of enquiry. Bobert M’Neely, the applicant, is admitted in the state of the case, to be a creditor of the deceased. The estate being sufficient to pay the debts, he and the other creditors are, according to our statute, entitled to a pro rata distribution of the assets after certain preferences are satisfied. Of these preferences, are judgments entered of record against the decedent in his life time. If then the present judgment stands as a judgment of November term 1826, in the life time of John M. Milnor, the share of Bobert M’Neely will certainly be diminished, perhaps entirely destroyed, according as less or more of the assets *119 may be required to discharge the judgment. lie has an interest therefore directly affected by the judgment at the time of its entry. According to the case of Read v. Bainbridge, 1 South. 351, and the principle on which it-was decided, he is entitled to bo heard; for such, says Justice Rossell, in delivering the opinion of the court on that occasion, is the just right of him whose interest is to be affected.
The next diversity pointed out to us is, that in Wood v. Hopkins the bond and warrant were executed five years prior to the decease, and here only a few days.
It will be observed that neither in Wood v. Hopkins, nor in the present case, is the slightest charge or suspicion of fraud made against the plaintiff. The naked question in each is the regularity of the entry of a judgment after the decease. Now nothing can be more clear than that the age of the bond and warrant cannot affect this question. If the decease forbade the use of the warrant, it must equally do so, whether one day or seven years old. Upon an allegation of fraud, the difference might perhaps have just operation. On which side, most strongly, it is not necessary now to enquire. It is true, as stated by the plaintiff's counsel, that the age of the bond was mentioned by the court in Wood v. Hopkins, but it was not for the purpose of proving or establishing the rule on which the decision was made, but to evince the policy and propriety of the rule.
In the next place, it was shown to us that the statute under which the present judgment was entered, required the making an affidavit of the existence and fairness of the debt, which had been Alone, and that no such affidavit was [*95 required under the statute in force at the time of the judgment in Wood v. Hopkins.
As remarked on the last head, if any imputation of fraud in respect to the present judgment had been made, this affidavit might have operation to repel such charge. But such affidavit cannot affect the real question before us. It
*120 cannot sustain the judgment, if otherwise irregular. As the law stood at the time of Wood v. Hopkins, the existence and fairness of the debt were presumed from the bond and warrant. At present, the affidavit is required to corroborate or take the place of the presumption. But the existence and fairness of the debt, however fully established, cannot support the judgment if illegally entered.
In the fourth place, it is said, that by the act of 1820, prescribing the mode of entering judgments on bonds -with warrants of attorney, the judgment is expressly directed to be of the last precedent term; whereby it is insisted the ancient mode of entering up judgments, sanctioned by the case of Oades v. Woodford, 7 Mod. 96, is restored, and the fictitious relation which in the case of Wood v. Hopkins, the court would not suffer to prevail to defeat the statute for the distribution of the estates of persons dying insolvent, is changed into reality. But it will be seen by a reference to the statute of 1798 respecting bonds with warrants of attorney, to be found in Paterson’s edition of the laws of New Jersey, page 455, that precisely the same words, “ as of the last precedent term,” are used, and in the same connection. The third sections of both these statutes are also, substantially the same. The first section of the act of 1799, Patt. 435, which provides for the pro rata distribution of the estate of a person dying insolvent among his creditors, subject to certain preferences, was also repealed, but was supplied by another act similar in its provisions, passed in June, 1820. Rev. Laws, 766. It is true then, that both the statutes brought into view in the case of Wood v. Hopkins, have been, as was urged at the bar, repealed; but inasmuch as they have been supplied by other statutes, substantially the same, the decision in that case and the principle on which it is founded must equally prevail in cases arising under the latter statutes.
In the last place, it is insisted that the judgment in Wood v. Hopkins was irregularly entered, for that the amount set *121 down in the judgment was not authorized by the warrant, and to show this *matter tho original papers of that [*96 ease are laid before us. This alleged irregularity, it is said, may have had influence in the determination. But it does not. appear by the report of the case, that any such objection was raised or considered by this court or the Court of Appeals, and it is well known to the counsel who argued that cause, of whom I was one, that the irregularity now suggested was not then brought into question.
Upon the authority of the case of Wood v. Hopkins, we are of opinion that the judgment in this case should be set aside.